# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 2, 2021

```
* * * * * * * * * * * *
BRIANNA RICH and JEFFREY RICH,      *
as parents and natural guardians of  *
S.G.R., a minor child,               *          UNPUBLISHED
                                     *
        Petitioners,                 *          No. 18-353V
                                     *
    v.                               *          Special Master Dorsey
                                     *
SECRETARY OF HEALTH                  *          Decision Based on Stipulation; Diphtheria-
AND HUMAN SERVICES,                  *          Tetanus-Acellular-Pertussis ("DTap")
                                     *          Vaccine; Measles Mumps Rubella ("MMR")
        Respondent.                  *          Vaccine; Localization-Related Epilepsy.
                                     *
* * * * * * * * * * * *
```

Diana Lynn Stadelnikas, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
Lara Ann Englund, United States Department of Justice, Washington, DC, for respondent.

### DECISION BASED ON STIPULATION[1]

On March 7, 2018, Brianna Rich and Jeffrey Rich ("petitioners"), as parents and natural guardians of S.G.R., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a diphtheria-tetanus-acellular-pertussis ("DTaP") vaccine and a measles mumps rubella ("MMR") vaccine S.G.R. received on April 17, 2015, she suffers from localization-related epilepsy.  Petition at 1-2 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 2, 2021, the parties filed a stipulation recommending an award of compensation to petitioner.  Stipulation (ECF No. 56).  Respondent denies that the DTaP and MMR vaccines or any other vaccine caused S.G.R. to suffer from localization-related epilepsy or any other injury or her current condition.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**(1) A lump sum of $295.84, which amount represents reimbursement of a lien for services rendered on behalf of S.G.R. by Presbyterian Centennial Care under contract with the State of New Mexico, in the form of a check payable jointly to petitioners and Presbyterian Centennial Care, and mailed to:**

**Presbyterian Centennial Care**
**P.O. Box 27489**
**Albuquerque, NM 87125-7489**
**Tax ID#: 94-3037165**
**Member ID #: 105557349-00**

**Petitioners agree to endorse this check to Presbyterian Centennial Care.**

**(2) An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Nora B. Dorsey**
Nora B. Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRIANNA RICH and JEFFREY RICH, as parents and natural guardians of S.G.R., a minor child, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 18-353V
Special Master Nora Beth Dorsey

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, S.G.R., petitioners Brianna Rich and Jeffrey Rich ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to S.G.R.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP") and/or measles-mumps-rubella ("MMR") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. S.G.R. received DTaP and MMR vaccines on April 17, 2015.

3. The vaccines were administered within the United States.

4. Petitioners allege that the DTaP and MMR vaccines caused S.G.R. to suffer from localization-related epilepsy, and that S.G.R. experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of S.G.R. as a result of her condition.

1

6. Respondent denies that the DTaP and MMR vaccines or any other vaccine caused S.G.R. to suffer from localization-related epilepsy or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. §300aa-15(a):

a. A lump sum of $295.84, which amount represents reimbursement of a lien for services rendered on behalf of S.G.R. by Presbyterian Centennial Care under contract with the State of New Mexico, in the form of a check payable jointly to petitioners and Presbyterian Centennial Care, and mailed to:

Presbyterian Centennial Care
P.O. Box 27489
Albuquerque, NM 87125-7489
Tax ID #: 94-3037165
Member ID #: 105557349-00

Petitioners agree to endorse this check to Presbyterian Centennial Care.

b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

2

    c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of S.G.R., pursuant to which the Life Insurance Company will agree to make certain lump sum payments to S.G.R. for all other damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. $26,740.56 payable in a certain lump sum on June 16, 2032.
    b. $29,646.30 payable in a certain lump sum on June 16, 2036.
    c. $33,779.74 payable in a certain lump sum on June 16, 2041.

The payments provided for in this paragraph 10 shall be made as set forth above. Should S.G.R. predecease any of the certain lump sum payments set forth above, any remaining certain lump sum payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of S.G.R.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

3

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of S.G.R. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of S.G.R.'s estate under the laws of the State of New Mexico.

4

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of S.G.R., on behalf of themselves, S.G.R., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.G.R. resulting from, or alleged to have resulted from, the vaccinations administered on April 17, 2015, as alleged by petitioners in a petition for vaccine compensation filed on or about March 7, 2018, in the United States Court of Federal Claims as petition No. 18-353V.

18. If S.G.R. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

5

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and/or MMR vaccines caused S.G.R. to suffer localization-related epilepsy or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of S.G.R.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

BRIANNA RICH

**ATTORNEY OF RECORD FOR
PETITIONER:**

DIANA L. STADELNIKAS
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (941) 952-5242

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

CAPT Dale Mishler, DHSc, for
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 02/02/2021

**PETITIONER:**

JEFFREY RICH

**AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Lara A Englund
by Heather L Pearlman
LARA A. ENGLUND
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-3013

7